IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 19-cv-01970-REB

BRUCE DZIAK,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed July 9, 2019, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he is disabled as a result of chronic regional pain syndrome, depression, and anxiety. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. That hearing was held on March 28, 2018. At the time of this hearing, plaintiff was 42 years old. He has a high school education plus two years of college course work and past relevant

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

work experience as a industrial truck operator, inventory clerk, shipping and receiving clerk, and a marker. He has not engaged in substantial gainful activity since April 14 2106, his alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established plaintiff suffered from severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found plaintiff had the residual functional capacity to perform a range of light work requiring only occasional handling and fingering with the right hand, which could be learned in up to 3 months, and required frequent interaction with coworkers, supervisors, and the general public. Although that conclusion precluded plaintiff's past relevant work, the ALJ found there were other jobs existing in significant numbers in the local and national economies plaintiff could perform. She therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518,

2

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four

3

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff maintains the ALJ in weighing the various medical opinions of record

4

regarding his mental residual functional capacity and in discrediting the opinions of a vocational examiner. Finding no error in either regard, I affirm.

Following a work-related hand injury in 2014, plaintiff developed Chronic Regional Pain Syndrome ("CPRS").[2] As a result of the physical pain and limitations attendant on this condition, plaintiff sought counseling. The record contains evidence from four different sources relevant to plaintiff's mental health treatment. From April to October, 2016, plaintiff received counseling from Dr. Joel Cohen. (Tr. 289-308.) He received medication management and counseling from Dr. Gary Gutterman from October 2016 through May 2017. (Tr. 427-437.) Also, shortly after filing his application for benefits in August 2016, plaintiff underwent a consultative examination with Dr. William Lewis. (Tr. 398-402.) Finally, in November 2016, Dr. Anthony Gottlieb reviewed the evidence submitted with plaintiff's claim for benefits – including Dr. Lewis's report – on behalf of the agency and submitted an opinion. (Tr. 83-85, 88-90.)

The ALJ considered and discussed in meticulous detail the treatment notes (where relevant) and opinions of all these sources. (Tr. 21-24.) Although noting that Dr. Lewis's opinion would support greater restrictions, she gave the consultative examiner's opinion little weight, finding it unsupported by the medical evidence of record. Specifically, she noted that more recent evidence from plaintiff's treating mental health providers showed his mental health symptoms had improved with medication

---

[2] The Commissioner recognizes CPRS (previously called Reflex Sympathetic Dystrophy Syndrome ("RSDS") as an impairment under the Listings. **See Social Security Ruling** 03-2p, 2003 WL 22399117 (SSA Oct. 20, 2003) ("RSDS/CRPS is a chronic pain syndrome most often resulting from trauma to a single extremity. . . . The most common acute clinical manifestations include complaints of intense pain and findings indicative of autonomic dysfunction at the site of the precipitating traima. . . It is characteristic of this syndrome that the degree of pain reported is out of proportion to the severity of the injury sustained by the individual.").

5

management.  Instead, she gave greater weight to the opinions of Drs. Gutterman and Gottlieb, which both suggested plaintiff's work-related mental limitations were only mild to moderate.  Finally, although acknowledging that Dr. Cohen had endorsed a few "marked" limitations in plaintiff's work-related mental functioning, the ALJ further noted that Dr. Cohen also opined plaintiff's mental impairments would only keep him off task five percent of less of a typical eight-hour workday.  (*See* Tr. 511-514.)[3]  The ALJ thus considered this opinion largely consistent with that of Drs. Gutterman and Gottlieb, but found it unpersuasive insofar as it might suggest greater limitations on plaintiff's mental residual functional capacity than those she found supported by the record.  (Tr. 24-25.)

The ALJ's cogent and thoughtful discussion and analysis of the evidence before her undercuts plaintiff's claim that she erred in not affording greater weight to the opinions of Drs. Lewis and Cohen.  It is the ALJ's proper role to consider and reconcile the conflicting medical opinions of record.  ***Reyes v. Bowen***, 845 F.2d 242, 245 (10th Cir. 1988); ***Ghini v. Colvin***, 82 F.Supp.3d 1224, 1233 (D. Colo. 2015).  The ALJ discharged that duty fully here, carefully pointing out, by specific citation to the record, how Dr. Gutterman's opinion supported a conclusion that plaintiff's mental impairments had improved with treatment over time.[4]

---

[3]  Dr. Cohen refused to comment on whether plaintiff's mental impairments would cause him to be absent from work on a regular (or any) basis, whether they would prevent him from completing any eight-hour workday, and whether he would be able to obtain and retain competitive employment.  (Tr. 513-514.)  Moreover, he assigned plaintiff a Global Assessment of Functioning ("GAF") of 55 (Tr. 514), indicative of no more than "moderate symptoms . . . or moderate difficulty in social, occupational, or school functioning," American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* at 34 (Text Revision 4th ed. 2000) ["DSM–IV"].  (*See* Tr. 18.)

[4]  Plaintiff's suggestion that his mental symptoms are cyclical in nature is simply belied by the record.  (*See* Tr. 427-437, 473, 474-475.)  Indeed, although plaintiff posits that a new round of stellate ganglion blocks undertaken in early 2018 are unlikely to provide him substantial relief (Plf. Br. at 15), the record actually shows he experienced "significant benefit in reduction of all his pain symptoms" after his

In general, it is the ALJ's duty to resolve conflicts in the evidence, including those between the opinions of various medical sources. ***See Reyes v. Bowen***, 845 F.2d 242, 245 (10th Cir. 1988); ***Ghini v. Colvin***, 82 F.Supp.3d 1224, 1233 (D. Colo. 2015). Here, the ALJ gave specific, legitimate reasons for finding Dr. Lewis's opinions unpersuasive and Dr. Cohen's opinions not fully persuasive. ***Watkins v. Barnhart***, 350 F.3d 1297, 1301 (10th Cir. 2003). Although a different conclusion might be supportable on this record, her conclusions in that regard nevertheless are supported by substantial evidence. ***See also Lax v. Astrue***, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.") (citation and internal quotation marks omitted); ***Abdelmeged v. Colvin***, 2015 WL 5047645 at *6 (D. Colo. Aug. 26, 2015) ("The mere fact that there may be two permissible views of the evidence . . . is not indicative that the ALJ's choice between them was in error."). Remand therefore is unwarranted on this basis.

Plaintiff also claims the ALJ wrongfully refused to consider the opinion of a vocational expert whose written opinion he submitted in support of his claim for benefits. I cannot agree. Contrary to plaintiff's argument, the ALJ did not discredit this opinion merely because plaintiff's attorney solicited it. She further, and more consequentially, found the opinion to be based on assumptions about plaintiff's functional abilities that were not supported by the record. (Tr. 20, 26.) The ALJ is not required to accept a

---

first procedure, so much so that he told his doctor he "felt like his old self." A second block reportedly went "perfectly and also provided him relief." (Tr. 489 493.) At that time, plaintiff denied anxiety, stress, or depressed mood. (Tr. 491.)

7

vocational expert's opinion that includes limitations she properly determines are unsupported by the evidence. *See Smith v. Colvin*, 821 F.3d 1264, 1270 (10th Cir. 2016); *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995). No error occurred in this regard.

## IV. ORDERS

I thus find no reversible error in the ALJ's disability determination, which accordingly must be affirmed.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated March 25, 2020, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge